IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMUEL C. CHICORA, )
 )
     Plaintiff, )
 )
  -vs- )   Civil Action No.   15-124E
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
     Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court is Plaintiff's Motion for Judgment on the Pleadings[1] and Defendant's Motion for Summary Judgment. (ECF Nos. 11 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). According to Plaintiff, he filed an application alleging that he became disabled on September 17, 2009. (ECF No. 7-8, p. 4, p. 2). A hearing was held on December 14, 2011, before Administrative Law Judge ("ALJ") James G. Myles. (ECF No. 7-4, pp. 2-32). On December 15, 2011, the ALJ issued a decision finding no basis to reopen a

---

[1] I believe Plaintiff mislabeled his Motion for Judgment on the Pleadings. Plaintiff's Motion and Brief rely on evidence in the administrative record. As such, Plaintiff's Motion is more aptly titled as a Motion for Summary Judgment. Therefore, I am construing Plaintiff's Motion for Judgment on the Pleadings as a Motion for Summary Judgment.

1

prior application thereby upholding the determination that Plaintiff was not disabled from September 18, 2009 through July 28, 2010; but found Plaintiff was disabled since July 29, 2010. (ECF No. 7-5, pp. 40-45). Plaintiff requested a review of this decision regarding the onset date and the Appeals Council entered an order on May 11, 2012, vacating the initial decision and remanding. (ECF No. 7-5, pp. 48-51). Another hearing was held on November 14, 2013, before ALJ Christopher Willis. (ECF No. 7-3, pp. 2-77). On February 21, 2014, ALJ Willis found that Plaintiff was not disabled under the Act since September 18, 2009. (ECF No. 7-2, pp. 28-43). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. **Post Decision Evidence**

Plaintiff's first argument is that remand is warranted pursuant to Sentence Six of 42 U.S.C. §405(g) so that the decision can be reconsidered along with a Rating Decision made by the

3

Department of Veterans Affairs (VA) on November 3, 2014. (ECF No. 12, pp. 14-16). If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

In *Szubak v. Secretary of Health and Human Services,* the Third Circuit explained the following:

> As amended in 1980, §405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. *An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.* Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

745 F.2d 831, 833 (3d Cir. 1984) (citations omitted)(emphasis added).

In this case, Plaintiff submitted to the Appeals Council, for the first time, the VA Rating Decision of November 3, 2014. (ECF No. 12, pp. 14-16). Plaintiff contends that the evidence is material because it is a decision by another governmental agency which cannot be ignored. (ECF No. 12, p. 15). The fact that the VA Rating Decision is a decision by another governmental agency, however, is irrelevant under the standard set forth above.

Additionally, "[a]n implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. *Szubak, supra, citing Ward v. Schweiker,* 686 F.2d 762, 765 (9th Cir. 1982). Simply because a document

4

is about a plaintiff's physical/mental condition does not mean it relates to the time period for which benefits were denied. In this case, the examination that served as the basis for the VA Rating Decision was August 5, 2014. (ECF No. 12-1, p. 3). Plaintiff does not dispute that. (ECF No. 12). The ALJ's decision was dated February 21, 2014. (ECF No. 7-2, p. 43). Therefore, the examination date post-dates the ALJ's decision by over five months. It does not relate back to the period before the ALJ's decision. Based on the same, I find that the evidence does not relate to the time period for which benefits were denied.[2]

Moreover, I find the VA Rating Decision is not new. While I acknowledge that it may not have existed at the time of the decision of the ALJ, there is no indication that Plaintiff could not have sought the new rating prior to the ALJ's decision. *See, Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990) (new evidence is that which did not exist or was not available to the claimant at the time).

Along those same lines, Plaintiff has failed to demonstrate why he could not have sought a new VA Rating prior to the ALJ's decision. Consequently, I find that Plaintiff has not shown good cause for his failure to submit the additional evidence prior to the decision of the ALJ.

Therefore, I find that new VA Rating Decision of November 3, 2014, submitted for the first time to the Appeals Council does not provide a basis for remand.

### C.  **Assessment of the Evidence**

Plaintiff next argues that the ALJ failed to assess all of the evidence of record. (ECF No. 12, pp. 16-17). In support thereof, Plaintiff suggests that the ALJ was "cherry picking" current evidence to support his determination of Plaintiff's residual functional capacity rather than weighing all of the evidence from 2009 to 2013. *Id.* Specifically, Plaintiff points to four instances where he believes the ALJ cherry picked evidence: 1) the ALJ discussed testimony from the

---

[2] I note that to the extent that the new VA Rating Decision suggests a subsequent deterioration of Plaintiff's condition, he can, of course, always file a new application for benefits.

5

second hearing but did not mention any testimony from the first hearing; 2) when discussing that Plaintiff received medical treatment and stating that the treatment had been generally successful in reducing or controlling his symptoms, the ALJ only cited later records from Dr. Hsu that mention Plaintiff's improvement and did not mention any of the records regarding his surgeries, rehabilitation and physical therapy; 3) when discussing Plaintiff's PTSD the ALJ noted Plaintiff's stability and did not mention any of his other mental health treatment records; and 4) when discussing his activities of daily living, the ALJ did not mention that most of these activities began several years after his September 2009 injury. *Id.* After a review of the evidence, I disagree.

To begin with, the ALJ specifically stated in his decision that he considered "the entire case record" in making his determination and "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." (ECF No. 7-2, pp. 37, 39).

Furthermore, after a review of the record, I do not find these instances to be "cherry picking." Contrary to Plaintiff's position, I find that the ALJ appropriately discussed those portions of the record while weighing the evidence. 20 C.F.R. §404.1527. "There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record" or that the evidence under each step be discussed in a particular order. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004). I am able to sufficiently discern the basis for the ALJ's opinion and find that it is based on substantial evidence. Consequently, I find no error in this regard.

### D. **Credibility**

Plaintiff next argues that the ALJ erred by failing to adequately assess his credibility. (ECF No. 12, pp. 17-19). In support of his argument, Plaintiff once again argues that the ALJ

was "cherry picking" evidence and that there is "no evidence that the ALJ considered the entire case record…." *Id.* I disagree.

The ALJ explicitly stated that he considered all of the evidence. (ECF No. 7-2, p. 36). Furthermore, after a review of the record, I do not find the ALJ's discussion of Plaintiff's credibility be "cherry picking." Rather, I find that the ALJ appropriately discussed Plaintiff's statements. In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 7-2, pp. 28-43). For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence and other evidence of record to his complaints and found them to be contradictory. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §404.1529 and SSR 96-7p. Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. (ECF No. 7-2, pp. 29-40). Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

### E.     Residual Functional Capacity ("RFC") [3]

Next, Plaintiff summarily concludes that the RFC is not supported by substantial evidence and suggests that "[t]he great preponderance of the evidence, including the new and material evidence from the VA, supports a finding that Mr. Chicora is so limited by his mental and physical impairments that he is incapable of performing even sedentary work." (ECF No. 12, p. 19). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced and cannot serve as the basis for remand.[4]

### F.     Vocational Expert ("VE")

The last argument by Plaintiff is that the ALJ erred by relying on a hypothetical that failed to include an accurate description of the entirety of Plaintiff's limitations. (ECF No. 12, pp. 19-20). I disagree. An ALJ is required to accept only hypotheticals which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). The record reveals substantial evidence that the hypothetical relied on by the ALJ accurately reflected Plaintiff's impairments. Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

---

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 404.1545(a).

[4] Along those same lines, Plaintiff alternatively concludes that the ALJ should have found him disabled for a closed period of time because the evidence "clearly" supports he was disabled for a period of time. (ECF No. 12, p. 19). Again, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's argument is misplaced and cannot serve as the basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMUEL C. CHICORA, )
)
        Plaintiff, )
)
  -vs- )   Civil Action No.   15-124E
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 5th day of April, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

                                          BY THE COURT:

                                          s/   Donetta W. Ambrose
                                          Donetta W. Ambrose
                                          United States Senior District Judge